UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANTHONY HARGROVE
                                            PRISONER
    v.                          Case No.  3:09CV876(WWE)

DEPARTMENT OF CORRECTION, ET AL.

RULING AND ORDER

Petitioner is currently confined at Northern Correctional Institution.  He filed this petition pursuant to 28 U.S.C. § 2254, challenging his conditions of confinement.  After careful review, the court concludes that the petition should be dismissed without prejudice.

The Supreme Court recognizes two general categories of prisoner cases, challenges to conditions of confinement and challenges to the fact or duration of confinement.  See McCarthy v. Bronson, 500 U.S. 136, 140 (1991).  The Supreme Court suggests that both challenges may be brought in a petition for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The Second Circuit requires the district court to conduct a two-part inquiry.  First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it.  Second, he must have utilized all

available means to secure appellate review of his claims.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

Petitioner states that he suffers from mental illness and is dependent on medication to control his behavior.  He asserts that prison officials have discontinued medication that was prescribed to treat his mental health and medical conditions.  He claims that he did not consent to the decisions to discontinue the medication.  He concedes that he did not raise these issues in a habeas petition in state court.

The Second Circuit has entertained habeas corpus petitions by federal prisoners challenging the conditions of confinement under federal sentences.  See Thompson v. Choinski, 525 F.3d 205 (2d Cir. 2008); Boudin v. Thomas, 732 F.2d 1107, 1111 (2d Cir. 1984).  The Second Circuit has not yet extended this ability to persons in state custody.  See Calderon v. Choinski, No. 3:04cv1475(JCH), 2006 WL 2472954, at *3 n.3 (D. Conn. Aug. 25, 2006).  This court need not determine whether petitioner should be permitted to challenge conditions of confinement in state custody in a federal habeas action.  Even if the claims were permitted, petitioner has not exhausted his state court remedies before filing this action.  See Preiser, 411 U.S. at 499 (holding that habeas corpus claim challenging restrictive housing conditions is subject to requirement of exhaustion of state

remedies); Calderon, 2006 WL 2472954, at *3 n.3 (noting that prisoner must first seek relief in state court).

In conclusion, this action is **DISMISSED** without prejudice to refiling after petitioner exhausts his state court remedies.[1] The pending Motions [**docs. ## 4, 5, 6**] are **DENIED** as moot.

**SO ORDERED** this _30th_____ day of July 2009, at Bridgeport, Connecticut.

/s/

Warren W. Eginton
Senior United States District Court

---

[1] Petitioner makes reference to two lawsuits that he filed in this court raising claims of medical negligence and improper discipline.  The court's docket reveals no cases other than the present habeas petition as having been filed by petitioner.   If petitioner seeks to commence a civil rights action in this court, he may want to contact the Inmates' Legal Assistance Program for assistance in filing such an action.  The Inmates Legal Assistance Program may be reached by telephone at (800) 301-4572 and by mail at P.O. Box 260237, Hartford, CT 06126-0237. **The Clerk is directed to send the petitioner a prisoner civil rights complaint form and** *in forma pauperis* **application forms with a copy of this ruling.**